UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                              Plaintiff,

          -against-

 JUAN GONZALES AGENCY CORP., ALLSTATE
FINANCIAL SERVICES, LLC, ALLSTATE
INSURANCE COMPANY, THE ALLSTATE
CORPORATION, ALLSTATE LIFE INSURANCE
COMPANY OF NEW YORK, PAYROLLING
PARTNERS, INC.,
and JUAN GONZALES individually,

                              Defendants.

**Case No. 21-cv-00610**

**DEFENDANTS JUAN GONZALES
AGENCY CORP. AND JUAN
GONZALES' ANSWER TO
PLAINTIFF'S COMPLAINT WITH
AFFIRMATIVE AND OTHER
DEFENSES**

Defendants Juan Gonzales Agency, Corp. and Juan Gonzales (collectively "JGAC

Defendants"), by and through their undersigned counsel, Jackson Lewis P.C., respectfully submit

their Answer and Defenses to Plaintiff Jane Doe's ("Plaintiff") Complaint (the "Complaint") and

state as follows:

### AS TO "NATURE OF THE CASE"

1.      JGAC Defendants admit that Plaintiff purports to assert claims of

sex/gender discrimination, sexual assault, rape, kidnapping, false imprisonment, sexual

harassment, hostile work environment, retaliation and wrongful termination, but, except so

admitted, deny the remaining allegations set forth in "NATURE OF THE CASE" section of the

Complaint.

### AS AND FOR AN ANSWER TO PRELIMINARY STATEMENT

2.      JGAC Defendants deny the allegations set forth in the "PRELIMINARY

STATEMENT" section of the Complaint.

<strong><u>AS AND FOR AN ANSWER TO "JURISDICTION AND VENUE"</u></strong>

3.     The allegations set forth in Paragraph "1" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants admit that this Court has federal question jurisdiction, generally, pursuant to the statutes cited in Paragraph "1" of the Complaint, but deny that jurisdiction should be exercised in this case, and further deny all remaining allegations set forth in Paragraph "1" of the Complaint.

4.     The allegations set forth in Paragraph "2" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants admit that this Court has supplemental jurisdiction, generally, but deny that jurisdiction should be exercised in this case, and further deny all remaining allegations set forth in Paragraph "2" of the Complaint.

5.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "3" of the Complaint, except aver that, upon information and belief, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), and refer to that document for the content therein.

6.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "4" of the Complaint.

7.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "5" of the Complaint.

8.     JGAC Defendants aver that any tolling agreement referred to in in Paragraph "6" of the Complaint speaks for itself.

9.     JGAC Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations set forth in Paragraph "7" of the Complaint.

10.     The allegations set forth in Paragraph "8" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants deny that this Court should exercise jurisdiction in this case, but admit that to the extent jurisdiction is proper, venue is appropriate in the Southern District of New York, and further deny all remaining allegations set forth in Paragraph "8" of the Complaint.

## AS AND FOR AN ANSWER TO "THE PARTIES"

11.     JGAC Defendants admit that Plaintiff purports to assert claims of sex/gender discrimination, sexual assault, rape, kidnapping, false imprisonment, sexual harassment, hostile work environment, retaliation and wrongful termination, but, except so admitted, deny the remaining allegations set forth in Paragraph "9" of the Complaint.

12.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "10" of the Complaint.

13.     JGAC Defendants admit the allegations set forth in Paragraph "11" of the Complaint.

14.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "12" of the Complaint.

15.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "13" of the Complaint.

16.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "14" of the Complaint.

17.     JGAC Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations set forth in Paragraph "15" of the Complaint.

18.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "16" of the Complaint.

19.    JGAC Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

20.    JGAC Defendants deny the allegations set forth in Paragraph "18" of the Complaint.

21.    JGAC Defendants admit the allegations set forth in Paragraph "19" of the Complaint.

## AS AND FOR AN ANSWER TO "STATEMENT OF FACT"

22.    JGAC Defendants deny the allegations set forth in Paragraph "20" of the Complaint.

23.    JGAC Defendants admit the allegations set forth in Paragraph "21" of the Complaint.

24.    JGAC Defendants deny the allegations set forth in Paragraph "22" of the Complaint, but aver Massiel Mora worked for Defendant JGAC.

25.    JGAC Defendants admit the allegations set forth in Paragraph "23" of the Complaint.

26.    JGAC Defendants deny the allegations set forth in Paragraph "24" of the Complaint, except aver that JGAC was the employer of Plaintiff, Mr. Gonzales and Ms. Mora and the other sales and administrative personnel at the office location at 214 North Ave, New Rochelle, NY 10801.

27.    JGAC Defendants deny the allegations set forth in Paragraph "25" of the

Complaint, except aver that JGAC operates an office in New Rochelle, Westchester County, New York located at 214 North Ave, New Rochelle, NY 10801 (hereinafter referred to as the "New Rochelle Office").

28.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "26" of the Complaint, except admit that there is an exterior sign with the ALLSTATE logo on it.

29.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "27" of the Complaint, except admit that there is a sign in the New Rochelle office's window with the ALLSTATE logo on it.

30.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "28" of the Complaint, except admit that there is an interior office sign with the ALLSTATE logo on it.

31.     JGAC Defendants deny the allegations set forth in Paragraph "29" of the Complaint, except admit JGAC employees are authorized to sell Allstate insurance products.

32.     JGAC Defendants deny the allegations set forth in Paragraph "30" of the Complaint.

33.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "31" of the Complaint, and aver that ALLSTATE's website speaks for itself.

34.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "32" of the Complaint.

35.     JGAC Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations set forth in Paragraph "33" of the Complaint.

36.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "34" of the Complaint.

37.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "35" of the Complaint.

38.     JGAC Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

39.     JGAC Defendants deny the allegations set forth in Paragraph "37" of the Complaint.

40.     JGAC Defendants admits the allegations set forth in Paragraph "38" of the Complaint.

41.     JGAC Defendants knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "39" of the Complaint, except aver that JGAC sells ALLSTATE insurance policies.

42.     JGAC Defendants deny the allegations set forth in Paragraph "40" of the Complaint, except aver that Plaintiff was a licensed sales associate for JGAC and worked at the New Rochelle office.

43.     JGAC Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

44.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "42" of the Complaint.

45.     JGAC Defendants deny the allegations set forth in Paragraph "43" of the Complaint, except aver that when dealing with ALLSTATE products, JGAC licensed sales

associates used the ALLSTATE web platform.

46.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "44" of the Complaint.

47.     JGAC Defendants deny the allegations set forth in Paragraph "45" of the Complaint, except admit that Plaintiff's business card had the word "ALLSTATE" on it.

48.     JGAC Defendants admit the allegations set forth in Paragraph "46" of the Complaint.

49.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "47" of the Complaint.

50.     JGAC Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

51.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "49" of the Complaint.

52.     JGAC Defendants admit the allegations set forth in Paragraph "50" of the Complaint, except aver that the information listed for Mr. Gonzales on the FINRA "brokercheck.com" profile speaks for itself.

53.     JGAC Defendants aver that the information listed for Mr. Gonzales on the FINRA "brokercheck.com" profile, as referred to in Paragraph "51" of the Complaint speaks for itself.

54.     JGAC Defendants aver that the information listed for Mr. Gonzales on the FINRA "brokercheck.com" profile, as set forth in Paragraph "52" of the Complaint speaks for itself.

55.     JGAC Defendants deny that JGAC is a "branch office" and aver that the

7

information listed for Mr. Gonzales on the FINRA "brokercheck.com" profile, as referred to in Paragraph "53" of the Complaint speaks for itself.

56.     JGAC Defendants deny that Defendant Gonzales is an employee of Allstate as set forth in Paragraph "54" of the Complaint,  and aver that the information listed for Mr. Gonzales on the FINRA "brokercheck.com" profile speaks for itself.

57.     JGAC Defendants deny the allegations set forth in Paragraph "55" of the Complaint and aver that the information listed for Mr. Gonzales on the FINRA "brokercheck.com" profile speaks for itself.

58.     JGAC Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

59.     JGAC Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

60.     JGAC Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

61.     JGAC Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

62.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "60" of the Complaint.

63.     JGAC Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

64.     JGAC Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

65.     JGAC Defendants deny the allegations set forth in Paragraph "63" of the

Complaint.

66.     JGAC Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

67.     JGAC Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

68.     JGAC Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

69.     JGAC Defendants deny the allegations set forth in Paragraph "67" of the Complaint, except admit that ALLSTATE made payments to Defendant Gonzales.

70.     JGAC Defendants deny the allegations set forth in Paragraph "68" of the Complaint, except aver that Mr. Gonzales was a registered agent in the New Rochelle office.

71.     JGAC Defendants deny the allegations set forth in Paragraph "69" of the Complaint.

72.     The allegations set forth in Paragraph "70" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants deny the allegations set forth in Paragraph "70" of the Complaint, except aver that JGAC was Plaintiff's employer.

73.     The allegations set forth in Paragraph "71" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants deny the allegations set forth in Paragraph "71" of the Complaint.

74.     The allegations set forth in Paragraph "72" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants deny the allegations set forth in Paragraph "72" of the Complaint.

9

75.     JGAC Defendants deny the allegations set forth in Paragraph "73" of the Complaint, except knowledge or information sufficient to form a belief as to the truth or falsity of whether Allstate directly paid Marcella Cofre.

76.     JGAC Defendants deny the allegations set forth in Paragraph "74" of the Complaint, except knowledge or information sufficient to form a belief as to the truth or falsity of whether Allstate directly paid Vito Priello.

77.     JGAC Defendants deny the allegations set forth in Paragraph "75" of the Complaint.

78.     JGAC Defendants deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations set forth in Paragraph "76" of the Complaint regarding Marcella Cofre and Vito Priello, and deny the remaining allegations set forth in Paragraph "76" of the Complaint.

79.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "77" of the Complaint.

80.     JGAC Defendants deny the allegations set forth in Paragraph "78" of the Complaint.

81.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "79" of the Complaint.

82.     JGAC Defendants deny the allegations set forth in Paragraph "80" of the Complaint.

83.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "81" of the Complaint.

84.     JGAC Defendants deny the allegations set forth in Paragraph "82" of the

Complaint., except admit that ALLSTATE has provided training to JGAC employees.

85.    JGAC Defendants deny the allegations set forth in Paragraph "83" of the Complaint.

86.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "84" of the Complaint.

87.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "85" of the Complaint, except admit that Mr. Gonzales received training from ALLSTATE.

88.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "86" of the Complaint.

89.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "87" of the Complaint.

90.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "88" of the Complaint, except deny the allegations concerning Mr. Gonzales.

91.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "89" of the Complaint.

92.    The allegations set forth in Paragraph "90" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, JGAC Defendants deny the allegations set forth in Paragraph "90" of the Complaint.

93.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "91" of the Complaint.

94.    JGAC Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations set forth in Paragraph "92" of the Complaint.

95.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "93" of the Complaint.

96.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "94" of the Complaint, except admit that ALLSTATE provided "tools and procedures" to allow for the sale of ALLSTATE insurance products.

97.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "95" of the Complaint.

98.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "96" of the Complaint, except admit that when selling ALLSTATE products, JGAC employees utilized ALLSTATE "web based" system.

99.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "97" of the Complaint, except deny the allegations as they relate to Defendant Gonzales.

100.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "98" of the Complaint.

101.    JGAC Defendants deny the allegations set forth in Paragraph "99" of the Complaint, except admit that Mr. Gonzales attended trainings conducted by ALLSTATE.

102.    JGAC Defendants deny the allegations set forth in Paragraph "100" of the Complaint.

103.    JGAC Defendants deny the allegations set forth in Paragraph "101" of the

Complaint.

104.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity the allegations set forth in Paragraph "102" of the Complaint, except admit that ALLSTATE personnel visited the New Rochelle office.

105.    JGAC Defendants deny the allegations set forth in Paragraph "103" of the Complaint.

106.    JGAC Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

107.    JGAC Defendants deny the allegations set forth in Paragraph "105" of the Complaint.

108.    JGAC Defendants deny the allegations set forth in Paragraph "106" of the Complaint.

109.    JGAC Defendants admit the allegations set forth in Paragraph "107" of the Complaint.

110.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations the allegations set forth in Paragraph "108" of the Complaint.

111.    JGAC Defendants deny the allegations set forth in Paragraph "109" of the Complaint.

112.    JGAC Defendants deny the allegations set forth in Paragraph "110" of the Complaint.

113.    JGAC Defendants deny the allegations set forth in Paragraph "111" of the

Complaint.

114.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "112" of the Complaint.

115.    JGAC Defendants deny the allegations set forth in Paragraph "113" of the Complaint.

116.    JGAC Defendants deny the allegations set forth in Paragraph "114" of the Complaint.

117.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "115" of the Complaint, except admit that a Thanksgiving Party was held in November 2017.

118.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "116" of the Complaint.

119.    JGAC Defendants deny the allegations set forth in Paragraph "117" of the Complaint.

120.    JGAC Defendants deny the allegations set forth in Paragraph "118" of the Complaint.

121.    JGAC Defendants deny the allegations set forth in Paragraph "119" of the Complaint.

122.    JGAC Defendants deny the allegations set forth in Paragraph "120" of the Complaint.

123.    JGAC Defendants deny the allegations set forth in Paragraph "121" of the Complaint.

124.    JGAC Defendants deny the allegations set forth in Paragraph "122" of the

Complaint.

125.    JGAC Defendants deny the allegations set forth in Paragraph "123" of the Complaint.

126.    JGAC Defendants deny the allegations set forth in Paragraph "124" of the Complaint.

127.    JGAC Defendants deny the allegations set forth in Paragraph "125" of the Complaint.

128.    JGAC Defendants deny the allegations set forth in Paragraph "126" of the Complaint.

129.    JGAC Defendants deny the allegations set forth in Paragraph "127" of the Complaint.

130.    JGAC Defendants deny the allegations set forth in Paragraph "128" of the Complaint.

131.    JGAC Defendants deny the allegations set forth in Paragraph "129" of the Complaint.

132.    JGAC Defendants deny the allegations set forth in Paragraph "130" of the Complaint.

133.    JGAC Defendants deny the allegations set forth in Paragraph "131" of the Complaint.

134.    JGAC Defendants deny the allegations set forth in Paragraph "132" of the Complaint.

135.    JGAC Defendants deny the allegations set forth in Paragraph "133" of the

Complaint.

136.    JGAC Defendants deny the allegations set forth in Paragraph "134" of the Complaint.

137.    JGAC Defendants deny the allegations set forth in Paragraph "135" of the Complaint.

138.    JGAC Defendants deny the allegations set forth in Paragraph "136" of the Complaint.

139.    JGAC Defendants deny the allegations set forth in Paragraph "137" of the Complaint.

140.    JGAC Defendants deny the allegations set forth in Paragraph "138" of the Complaint.

141.    JGAC Defendants deny the allegations set forth in Paragraph "139" of the Complaint.

142.    JGAC Defendants deny the allegations set forth in Paragraph "140" of the Complaint, except deny knowledge or information sufficient to form a belief as to whether JGAC employees went to a bar for drinks on or about February 2, 2018, after a meet-and-greet event.

143.    JGAC Defendants deny the allegations set forth in Paragraph "141" of the Complaint.

144.    JGAC Defendants deny the allegations set forth in Paragraph "142" of the Complaint.

145.    JGAC Defendants deny the allegations set forth in Paragraph "143" of the Complaint.

146.    JGAC Defendants deny the allegations set forth in Paragraph "144" of the

Complaint.

147.     JGAC Defendants deny the allegations set forth in Paragraph "145" of the Complaint.

148.     JGAC Defendants deny the allegations set forth in Paragraph "146" of the Complaint.

149.     JGAC Defendants deny the allegations set forth in Paragraph "147" of the Complaint.

150.     JGAC Defendants deny the allegations set forth in Paragraph "148" of the Complaint.

151.     JGAC Defendants deny the allegations set forth in Paragraph "149" of the Complaint.

152.     JGAC Defendants deny the allegations set forth in Paragraph "150" of the Complaint.

153.     JGAC Defendants deny the allegations set forth in Paragraph "151" of the Complaint.

154.     JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff texted her sister-in-law or what the text may have been about, aver that any such text speaks for itself and deny the remaining allegations set forth in Paragraph "152" of the Complaint.

155.     JGAC Defendants deny the allegations set forth in Paragraph "153" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation about whether Plaintiff and Ms. More went to a nearby bar after work aver

on April 5, 2018.

156.   JGAC Defendants deny the allegations set forth in Paragraph "154" of the Complaint.

157.   JGAC Defendants deny the allegations set forth in Paragraph "155" of the Complaint.

158.   JGAC Defendants deny the allegations set forth in Paragraph "156" of the Complaint.

159.   JGAC Defendants deny the allegations set forth in Paragraph "157" of the Complaint.

160.   JGAC Defendants deny the allegations set forth in Paragraph "158" of the Complaint.

161.   JGAC Defendants deny the allegations set forth in Paragraph "159" of the Complaint.

162.   JGAC Defendants deny the allegations set forth in Paragraph "160" of the Complaint.

163.   JGAC Defendants deny the allegations set forth in Paragraph "161" of the Complaint.

164.   JGAC Defendants deny the allegations set forth in Paragraph "162" of the Complaint.

165.   JGAC Defendants deny the allegations set forth in Paragraph "163" of the Complaint.

166.   JGAC Defendants deny the allegations set forth in Paragraph "164" of the

Complaint.

167.    JGAC Defendants deny the allegations set forth in Paragraph "165" of the Complaint.

168.    JGAC Defendants deny the allegations set forth in Paragraph "166" of the Complaint.

169.    JGAC Defendants deny the allegations set forth in Paragraph "167" of the Complaint.

170.    JGAC Defendants deny the allegations set forth in Paragraph "168" of the Complaint.

171.    JGAC Defendants deny the allegations set forth in Paragraph "169" of the Complaint.

172.    JGAC Defendants deny the allegations set forth in Paragraph "170" of the Complaint.

173.    JGAC Defendants deny the allegations set forth in Paragraph "171" of the Complaint.

174.    JGAC Defendants deny the allegations set forth in Paragraph "172" of the Complaint.

175.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "173" of the Complaint.

176.    JGAC Defendants deny the allegations set forth in Paragraph "174" of the Complaint.

177.    JGAC Defendants deny the allegations set forth in Paragraph "175" of the

Complaint.

178.    JGAC Defendants deny the allegations set forth in Paragraph "176" of the Complaint.

179.    JGAC Defendants deny the allegations set forth in Paragraph "177" of the Complaint.

180.    JGAC Defendants deny the allegations set forth in Paragraph "178" of the Complaint.

181.    JGAC Defendants deny the allegations set forth in Paragraph "179" of the Complaint.

182.    JGAC Defendants deny the allegations set forth in Paragraph "180" of the Complaint.

183.    JGAC Defendants deny the allegations set forth in Paragraph "181" of the Complaint.

184.    JGAC Defendants deny the allegations set forth in Paragraph "182" of the Complaint.

185.    JGAC Defendants deny the allegations set forth in Paragraph "183" of the Complaint.

186.    JGAC Defendants deny the allegations set forth in Paragraph "184" of the Complaint.

187.    JGAC Defendants deny the allegations set forth in Paragraph "185" of the Complaint.

188.    JGAC Defendants deny the allegations set forth in Paragraph "186" of the

Complaint.

189.    JGAC Defendants deny the allegations set forth in Paragraph "187" of the Complaint.

190.    JGAC Defendants deny the allegations set forth in Paragraph "188" of the Complaint.

191.    JGAC Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "189" of the Complaint, except admit that a letter was sent on behalf of Defendant JGAC and aver that the letter speaks for itself.

192.    JGAC Defendants deny the allegations set forth in Paragraph "190" of the Complaint.

193.    JGAC Defendants deny the allegations set forth in Paragraph "191" of the Complaint.

194.    JGAC Defendants deny the allegations set forth in Paragraph "192" of the Complaint.

195.    JGAC Defendants deny the allegations set forth in Paragraph "193" of the Complaint.

196.    JGAC Defendants admit that Plaintiff purports to assert claims of a continuous practice of discrimination and continuing violation under the continuing violations doctrine, but, except so admitted, deny the remaining allegations set forth in Paragraph "194" of the Complaint.

197.    JGAC Defendants deny the allegations set forth in Paragraph "195" of the

Complaint.

198.    JGAC Defendants deny the allegations set forth in Paragraph "196" of the Complaint.

199.    JGAC Defendants deny the allegations set forth in Paragraph "197" of the Complaint.

200.    JGAC Defendants deny the allegations set forth in Paragraph "198" of the Complaint.

201.    JGAC Defendants deny the allegations set forth in Paragraph "199" of the Complaint.

202.    JGAC Defendants deny the allegations set forth in Paragraph "200" of the Complaint.

203.    JGAC Defendants deny the allegations set forth in Paragraph "201" of the Complaint, and specifically deny that Plaintiff is entitled to the relief she seeks.

**AS TO "FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendant)"**

204.    JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "201" of the Complaint, as though fully set forth herein.

205.    Paragraph "203" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

206.    JGAC Defendants admit that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., but, except so admitted, deny the remaining allegations set forth in Paragraph "204" of the Complaint.

207.   JGAC Defendants deny the allegations set forth in Paragraph "205" of the Complaint.

## AS TO "SECOND CAUSE OF ACTION<br>RETALIATION UNDER TITLE VII<br>(Not Against Individual Defendant)"

208.   JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "205" of the Complaint, as though fully set forth herein.

209.   Paragraph "207" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

210.   JGAC Defendants deny the allegations set forth in Paragraph "208" of the Complaint.

211.   JGAC Defendants admit that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., but, except so admitted, deny the remaining allegations set forth in Paragraph "209" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION<br>DISCRIMINATION UNDER<br>NEW YORK STATE LAW<br>(Against All Defendants)"

212.   JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "209" of the Complaint, as though fully set forth herein.

213.   Paragraph "211" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

214.   JGAC Defendants deny the allegations set forth in Paragraph "212" of the

Complaint.

### AS TO "FOURTH CAUSE OF ACTION
### AIDING & ABETTING UNDER
### NEW YORK STATE LAW
### (Against All Defendants)"

215.    JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "212" of the Complaint, as though fully set forth herein.

216.    Paragraph "214" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

217.    JGAC Defendants deny the allegations set forth in Paragraph "215" of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION
### RETALIATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)"

218.    JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "215" of the Complaint, as though fully set forth herein.

219.    Paragraph "217" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

220.    JGAC Defendants deny the allegations set forth in Paragraph "218" of the Complaint.

### AS TO "SIXTH CAUSE OF ACTION
### ASSAULT AND BATTERY
### (AGAINST DEFENDANT GONZALES INDIVIDUALLY)"

221.    JGAC Defendants repeat and reallege their responses to the allegations

contained in Paragraphs "1" through "218" of the Complaint, as though fully set forth herein.

222.    JGAC Defendants deny the allegations set forth in Paragraph "220" of the Complaint.

223.    Paragraph "221" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

224.    JGAC Defendants deny the allegations set forth in Paragraph "222" of the Complaint.

**AS TO "SEVENTH CAUSE OF ACTION
FOR INTENTIONAL INFLICTION OR [SIC] EMTOIONAL DISTRESS
 (AGAINST DEFENDANTS JUAN GONZALES AGENCY, INC. AND JUAN
GONZALES)"**

225.    JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "222" of the Complaint, as though fully set forth herein.

226.    JGAC Defendants deny the allegations set forth in Paragraph "224" of the Complaint.

227.    JGAC Defendants deny the allegations set forth in Paragraph "225" of the Complaint.

228.    JGAC Defendants deny the allegations set forth in Paragraph "226" of the Complaint.

229.    JGAC Defendants deny the allegations set forth in Paragraph "227" of the Complaint.

230.    JGAC Defendants deny the allegations set forth in Paragraph "228" of the

Complaint.

## AS TO "EIGHTH CAUSE OF ACTION
## FOR VIOLATING THE GENDER MOTIVATED VIOLENCE PROTECTION ACT
## (AGAINST ALL DEFENDANTS)"

231.   JGAC Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "228" of the Complaint, as though fully set forth herein.

232.   Paragraph "230" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

233.   Paragraph "231" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

234.   Paragraph "232" of the Complaint contains no allegations of fact to which an answer is required.  To the extent that this paragraph of the Complaint may be deemed to set forth any allegations of fact, JGAC Defendants deny those allegations.

235.   JGAC Defendants deny the allegations set forth in Paragraph "233" of the Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S "WHEREFORE" CLAUSE

JGAC Defendants deny that Plaintiff is entitled to the relief specified in the "WHEREFORE" section of the Complaint, and specifically deny that Plaintiff is entitled to any of the relief she seeks.

## AS AND FOR AN ANSWER TO "JURY DEMAND"

JGAC Defendants admit that Plaintiff purports to demand a jury trial, but deny that

Plaintiff has stated a claim upon which relief could be granted.

## GENERAL DENIAL

JGAC Defendants deny all claims and allegations not unequivocally admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

JGAC Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.   JGAC Defendants reserve the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## AS AND FOR JGAC DEFENDANTS' FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## AS AND FOR JGAC DEFENDANTS' SECOND DEFENSE

At all times relevant hereto, JGAC Defendants acted in good faith and did not violate any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR JGAC DEFENDANTS' THIRD DEFENSE

Any and all actions taken by JGAC Defendants with regard to Plaintiff were based on legitimate, non-discriminatory and non-retaliatory business reasons, and would have been taken regardless of Plaintiff's sex/gender or alleged complaints about her employment.

## AS AND FOR JGAC DEFENDANTS' FOURTH DEFENSE

Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded, in whole or in part, because JGAC Defendants exercised reasonable care

to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

### AS AND FOR JGAC DEFENDANTS' FIFTH DEFENSE

Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of JGAC Defendants' preventive and/or corrective opportunities or to otherwise avoid harm.

### AS AND FOR JGAC DEFENDANTS' SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because she failed to use reasonable diligence to mitigate and/or minimize her alleged damages.

### AS AND FOR JGAC DEFENDANTS' SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

### AS AND FOR JGAC DEFENDANTS' EIGHTH DEFENSE

JGAC Defendants' conduct, even if it occurred, was not severe or pervasive and amounted to no more than what a reasonable person would consider petty slights and trivial inconveniences.

### AS AND FOR JGAC DEFENDANTS' NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she did not suffer damages attributable to any allegedly wrongful conduct by JGAC Defendants and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

### AS AND FOR JGAC DEFENDANTS' TENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages against JGAC Defendants because, *inter alia*, JGAC Defendants acted in good faith and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

## AS AND FOR JGAC DEFENDANTS' ELEVENTH DEFENSE

Plaintiff's assault and battery claims must be dismissed because, even if Plaintiff can establish the alleged misconduct took place, which she cannot, the conduct was not intentional or unwelcome, and consent was given.

## AS AND FOR DEFENDANT'S TWELFTH DEFENSE

Plaintiff's claims of intentional infliction of emotional distress are barred, in whole or in part, because JGAC Defendants' conduct was not extreme and/or outrageous.

\*       \*       \*

JGAC Defendants reserve the right to amend their answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

**WHEREFORE**, JGAC Defendants respectfully request that this Court:

a.      Dismiss the Complaint in its entirety, with prejudice;

b.      Deny each and every demand, claim, and prayer for relief contained therein;

c.      Award JGAC Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

d.      Grant such other and further relief to JGAC Defendants as the Court deems just and proper.

Dated: New York, New York
      May 10, 2021

                        Respectfully submitted,

                        JACKSON LEWIS P.C.
                        666 Third Avenue
                        New York, New York 10017
                        (212) 545-4000
                        Wendy.Mellk@jacksonlewis.com
                        Catherine.Tucciarello@jackonlewis.com

               By:    */s/ Wendy J. Mellk*
                        Wendy J. Mellk
                        Catherine R. Tucciarello

                        *Attorneys for Defendants*
                        *Juan Gonzales Agency, Corp. and*
                        *Juan Gonzales*