


**ESTELA DÍAZ**
+1 212.872.8035/fax: +1 212.872.1002
ediaz@akingump.com

June 24, 2021

VIA ELECTRONIC COURT FILING

The Honorable Philip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 520
White Plains, New York 10601

Re: *Doe v. Juan Gonzales Agency Corporation et al.*, No. 7:21-cv-00610 (S.D.N.Y.)

Dear Judge Halpern:

Pursuant to Your Honor's May 24, 2021 Order, the Allstate Defendants respectfully submit this letter stating their position on Juan Gonzales and Juan Gonzales Agency Corp.'s (together, the "JGAC Defendants") anticipated motion to compel Plaintiff to amend the Complaint to include her real name. The Allstate Defendants maintain that Plaintiff has not met the significant burden of showing that exceptional circumstances exist to allow her to proceed anonymously in this case.

Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008); *see also Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *2 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, No. 18 CIV 1769 (ER), 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019) ("The use of fictitious names or pseudonyms in place of the true identities of litigants runs afoul of the public's common law right of access to judicial proceedings . . . , a right that is supported by the First Amendment.") (internal quotations omitted). In certain limited circumstances, a district court has discretion to grant an exception to this Rule to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189; *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) ("[I]n order to receive the protections of anonymity, a party must make a case rebutting [the] presumption . . . of disclosure.").

When considering a plaintiff's request to proceed anonymously, the court must balance the "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has identified a "non-exhaustive" list of ten considerations that a district court should take into account when ruling on a motion to proceed anonymously. *Id.* at 189-90. As demonstrated below, nine out of ten of these factors weigh against Plaintiff using a pseudonym in this matter. Although Plaintiff's allegations involve highly sensitive and personal matters, Plaintiff herself chose to






include over 200 paragraphs of detailed allegations in her Complaint, going well beyond the "short and plain statement of the claim" required for pleadings. *See* Fed. R. Civ. P. 8(a). Having done so, basic principles of fairness dictate that she stand behind those public allegations. Accordingly, on balance, Plaintiff has not presented sufficient justification to overcome the people's right to know who is using their courts.

***Sealed Plaintiff*** **Factor One – Highly Sensitive & Personal Subject Matter**

The Allstate Defendants do not dispute that Plaintiff's allegations of rape, sexual assault, and sexual harassment are "highly sensitive and of a personal nature" and that this factor weighs in favor of Plaintiff proceeding anonymously. *See, e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020). However, "this factor is not dispositive" and "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Id.* (quoting *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019)). Indeed, courts in the Second Circuit often deny requests to proceed under a pseudonym, even in cases involving rape. *See id.* at 98; *Lawson v. Rubin*, No. 17-cv-6404 (BMC)(SMG), 2019 WL 5291205, at *3 (E.D.N.Y. Oct. 18, 2019); *Skyline*, 375 F. Supp. 3d at 408.

***Sealed Plaintiff*** **Factors Two and Three – Risk of Harm**

The second *Sealed Plaintiff* factor is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." 537 F.3d at 190. Relatedly, the third factor assesses "whether identification presents other harms and the likely severity of those harms." *Id.*

Plaintiff states in her opposition letter that she and her teenage children may be subject to undue scrutiny and alienation should she have to publicly proceed with her lawsuit. DE 21 at 3-4. However, the potential harm alleged by a plaintiff must be more than "embarrassment" or "social stigmatization." *Weinstein*, 484 F. Supp. 3d at 94. This is true even where children are involved. *See Lawson*, 2019 WL 5291205, at *2 (noting that the fact that some of the alleged victims of assault had children is not a "concrete justification" for anonymity).

Plaintiff also states that she has been diagnosed with Post Traumatic Stress Disorder ("PTSD"), Acute Anxiety Disorder, and Major Depressive Disorder, and that her psychotherapist has indicated that she will be subject to emotional trauma if she is forced to reveal her identity in a public filing. DE 21 at 3. Although "[t]he risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously," Plaintiff must present specific evidence and "corroboration" from "medical





professionals" in order to demonstrate that this potential harm is more than "mere speculation." *See Solera Cap. LLC*, 2019 WL 1437520, at *4 (plaintiff's allegation that PTSD had grown worse at the prospect of proceeding under her new legal name insufficient); *Weinstein*, 484 F. Supp. 3d at 95 (plaintiff's allegation that public disclosure of identity could "spark trauma" insufficient). Accordingly, without more than Plaintiff's own allegations of increased trauma, this factor weighs against Plaintiff.

***Sealed Plaintiff* Factor Four – Vulnerability, Particularly in Light of Age**

The fourth factor of *Sealed Plaintiff* is "whether the plaintiff is particularly vulnerable . . . particularly in light of [her] age." 537 F.3d at 190. Plaintiff is an adult, and was an adult at the time of the allegations, which weighs against her proceeding anonymously. *Weinstein*, 484 F. Supp. 3d at 96; *Skyline*, 375 F. Supp. 3d at 406. Plaintiff's contention that she is vulnerable by virtue of being a victim of sexual assault does not make her "more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny." *Weinstein*, 484 F. Supp. 3d at 96; *see also Solera Cap. LLC*, 2019 WL 1437520, at *6 ("In the instant action, the Plaintiff is an adult with the capacity to make informed decisions for herself. Since she is not a minor, she is not particularly vulnerable to the type of harm this factor addresses.").

***Sealed Plaintiff* Factor Five – Private vs. Governmental Parties**

The fifth *Sealed Plaintiff* factor is "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. Plaintiff claims that because this is a "private matter that does not challenge the actions of the government," the fifth factor weighs in her favor, DE 21 at 4, but the exact opposite is true. Courts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties. *Weinstein*, 484 F. Supp. 3d at 96; *Doe v. McLellan*, No. CV 20-5997 (GRB)(AYS), 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020). This is because suits against the government "involve no injury to the Government's reputation" whereas suits against private parties "may cause damage to their good names and reputations," among other things. *Skyline*, 375 F. Supp. 3d at 406; *McLellan*, 2020 WL 7321377, at *2. Accordingly, this factor clearly weighs against Plaintiff.

***Sealed Plaintiff* Factor Six – Prejudice to Defendant**

The sixth *Sealed Plaintiff* factor concerns "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if





any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." 537 F.3d at 190.

Plaintiff claims in her opposition letter that the defendants will suffer no prejudice because they already know her true identity and therefore "will have full discovery rights as the case progresses." DE 21 at 4. However, as courts have recognized, allowing plaintiffs to proceed anonymously would disadvantage defendants throughout the litigation, including at settlement and trial, by making it more difficult to obtain witnesses and witness testimony, and impeding the defendants' ability to fully and adequately cross-examine Plaintiff. *See Skyline*, 375 F. Supp. 3d at 407; *McLellan*, 2020 WL 7321377, at *3; *Lawson*, 2019 WL 5291205, at *3. Moreover, "[c]ourts have identified prejudice against a defendant when a defendant is required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." *McLellan*, 2020 WL 7321377, at *3; *Solera Cap. LLC*, 2019 WL 1437520, at *6; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). Indeed, Plaintiff has chosen to bring this civil suit for damages and has made serious charges—including numerous details in her Complaint that go well beyond the "short and plain statement" required by Federal Rule of Civil Procedure 8. She has thus "put her credibility in issue" and "[f]airness requires that she be prepared to stand behind her charges publicly." *Shakur*, 164 F.R.D. at 361. The prejudice against the Allstate Defendants is more compelling because Plaintiff does not even contend that Allstate was involved in the underlying allegations, but it is being associated publicly with them. Accordingly, this factor weighs against Plaintiff.

***Sealed Plaintiff* Factor Seven – Plaintiff Has Thus Far Kept Identity Confidential**

The seventh *Sealed Plaintiff* factor is "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. Although Plaintiff asserts that she has done so, she admits that she has shared her allegations with her teenage children, as well as her sister-in-law who worked in JGAC's office. DE 21 at 3, 5; DE 1, ¶ 152. Defendants also already know the identity of Plaintiff, which weighs against anonymity. *McLellan*, 2020 WL 7321377, at *3.

***Sealed Plaintiff* Factors Eight and Nine – Public Interest in Disclosure**

The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." 537 F.3d at 190. Similarly, the ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id.*






Both of these factors weigh against Plaintiff. Although Plaintiff suggests that other victims may be deterred from seeking relief through civil suits should they be required to proceed under their own names, "[a]s a rule, 'lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.'" *Weinstein*, 484 F. Supp. 3d at 97 (quoting *Shakur*, 164 F.R.D. at 361). This is especially true in this matter because it involves "particular actions and incidents" rather than "abstract challenges to public policies." *Id.* at 97-98. As a result, "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* Indeed, cases involving sexual assault, sexual harassment, and discrimination are the types of issues that "further the public's interest in enforcing legal and social norms." *Skyline*, 375 F. Supp. 3d at 408; *McLellan*, 2020 WL 7321377, at *4.

***Sealed Plaintiff* Factor Ten – Alternative Mechanisms for Confidentiality**

The tenth and final factor of *Sealed Plaintiff* is whether any alternative mechanisms could protect the plaintiff's interests in confidentiality. 537 F.3d at 190. In this instance, there are multiple other ways Plaintiff's interests can be protected, including through the redaction or sealing of documents containing particularly sensitive information, protective orders, or confidentiality agreements. *See Skyline*, 375 F. Supp. 3d at 408; *Weinstein*, 484 F. Supp. 3d at 98; *McLellan*, 2020 WL 7321377, at *4; *Solera Cap. LLC*, 2019 WL 1437520, at *8. Accordingly, the final factor also weighs against allowing Plaintiff to proceed anonymously.

* * * * *

Because nine out of the ten *Sealed Plaintiff* factors weigh against Plaintiff proceeding under a pseudonym, Plaintiff's "substantial privacy" interest does not "outweigh[] the customary and constitutionally-embedded presumption of openness in judicial proceedings." *See Sealed Plaintiff*, 537 F.3d at 189.[1] Accordingly, for all of the foregoing reasons, this Court should

---

[1] The cases cited by Plaintiff in support of her position that she should be permitted to proceed anonymously all involve special circumstances not present in this case. *See Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001) (permitting use of pseudonym where defendants were law enforcement officers and not private parties); *Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 196 (W.D.N.Y. 2002) (allowing pseudonym where defendants threatened plaintiff with violence in the past, and were already subject to reputational harm due to criminal charges for same allegations); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 197 (E.D.N.Y. 2006) (allowing pseudonym since defendant Rabbi was more akin to a governmental entity than a private party and because plaintiff submitted concrete evidence of harm in the form of ostracism by the Orthodox Jewish community).






schedule a pre-motion conference and permit the JGAC Defendants to move to compel Plaintiff to amend the caption of the Complaint to include her real name.

Respectfully submitted,

*/s/ Estela Díaz*
Estela Díaz