UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br> -against-<br><br>JUAN GONZALES AGENCY CORP., ALLSTATE FINANCIAL SERVICES, LLC, ALLSTATE INSURANCE COMPANY, THE ALLSTATE CORPORATION, ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, PAYROLLING PARTNERS, INC., and JUAN GONZALES individually,<br><br>        Defendants. | Case No. 21-cv-00610 |

**DEFENDANTS JUAN GONZALES AGENCY, CORP.'S AND JUAN GONZALES'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF TO AMEND THE CAPTION TO IDENTIFY HER ACTUAL NAME AND NOT PROCEED ANONYMOUSLY**

JACKSON LEWIS P.C.
*Attorneys for Defendants*
*Juan Gonzales Agency, Corp.*
*and Juan Gonzales*
666 Third Avenue, Floor 29
New York, NY 10017
(212) 545-4000

Attorneys of Record:
Wendy J. Mellk, Esq.
Catherine R. Tucciarello, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.  Sealed Plaintiff Factor One ............................................................................................ 3

    B.  Sealed Defendant Factors Two and Three .................................................................... 5

    C.  Sealed Plaintiff Factor Four ........................................................................................... 8

    D.  Sealed Plaintiff Factor Five ........................................................................................... 9

    E.  Sealed Plaintiff Factor Six ............................................................................................ 9

    F.  Sealed Plaintiff Factors Eight and Nine ..................................................................... 10

    G.  Sealed Plaintiff Factor Ten .......................................................................................... 10

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anonymous v. Medco Health Sols., Inc.,
    588 F. App'x 34 (2d Cir. 2014) ...................................................................................................11

Doe No. 2 v. Kolko,
    242 F.R.D. 193 (E.D.N.Y. 2006) ...................................................................................................3

Doe v. City of New York,
    201 F.R.D. 100 (S.D.N.Y. 2001) ...................................................................................................5

Doe v. Gong Xi Fa Cai,
    2019 U.S. Dist. LEXIS 114919 (S.D.N.Y. July 10, 2019) ............................................................8

Doe v. Shakur,
    164 F.R.D. 359 (S.D.N.Y. 1996). ...............................................................................................5, 9

Doe v. Skyline Autos Inc.,
    375 F. Supp. 3d 401 (S.D.N.Y. 2019).......................................................................................8, 10

Doe v. Smith,
    105 F. Supp. 2d 40 (E.D.N.Y. 1999) .............................................................................................6

Doe v. Smith,
    2019 U.S. Dist. LEXIS 205707 (N.D.N.Y. Nov. 27, 2019) ..........................................................8

Doe v. Solera Capital LLC,
    No. 18-CV-1769, 2019 U.S. Dist. LEXIS 55860 (S.D.N.Y. Mar. 3, 2019) ..................................8

Doe v. Syracuse Univ.,
    2018 U.S. Dist. LEXIS 154899 (N.D.N.Y. Sept. 10, 2018) ..........................................................8

Doe v. Townes,
    No. 19-CV-8034, 2020 U.S. Dist. LEXIS 83550 (S.D.N.Y. May 12, 2020) ..............5, 7, 9, 10

Doe v. United Servs. Life Ins. Co.,
    123 F.R.D. 437 (S.D.N.Y. 1988) ...................................................................................................4

EW v. New York Blood Ctr.,
    213 F.R.D. 108 (E.D.N.Y. 2003) ...................................................................................................4

James v. Jacobson,
    6 F.3d 233 (4th Cir.1993) ...............................................................................................................4

Javier v. Garcia–Botello,
    211 F.R.D. 194 (W.D.N.Y.2002)........................................................................................4

Lawson v. Rubin,
    No. 17-CV-6404, 2019 U.S. Dist. LEXIS 181192 (E.D.N.Y. Oct. 17, 2019)..........................2

Rapp v. Fowler,
    No. 20-cv-9586, 2021 U.S. Dist. LEXIS 84214 (S.D.N.Y. May 3, 2021) ...............................6

Roe v. Aware Woman Ctr. for Choice, Inc.,
    253 F.3d 678 (11th Cir. 2001) ............................................................................................3

Sealed Plaintiff v. Sealed Defendant,
    537 F.3d 185 (2d Cir. 2008)....................................................................................2, 3, 8, 10

**PRELIMINARY STATEMENT**

Defendants Juan Gonzales Agency, Corp. and Juan Gonzales (collectively "JGAC Defendants") submit this reply memorandum of law in further support of their motion for an order requiring Plaintiff to identify her actual name in the caption of the Complaint, as required by Fed. R. Civ. P. 10(a). In their moving papers, JGAC Defendants argued that Plaintiff must reveal her name to the public because (1) it is required by Rule 10(a) of the Federal Rules of Civil Procedure; and (2) the balancing test used to determine whether plaintiffs are entitled to use pseudonyms weighs heavily in favor of JGAC Defendants because (a) courts do not generally view claims of this nature as claims that warrant anonymity for the plaintiffs; (b) the public has an interest in knowing the facts of the incident at issue, including the names of the individuals making the allegations; (e) there is no likelihood that Plaintiff would be subjected to harm if her name was associated with this case; (f) Plaintiff chose to participate in this litigation; (g) the JGAC Defendants will be prejudiced if Plaintiff is permitted to proceed under a pseudonym; and (h) JGAC Defendants vehemently deny Plaintiff's allegations.

Plaintiff has not established that her privacy interests in the instant case outweigh the presumption of disclosure, or the equities in being allowed to proceed anonymously while the JGAC Defendants (and non-party Mora), who vigorously deny the allegations, proceed publicly. In fact, the abundant case law addressing these issues supports JGAC Defendants' arguments for why Plaintiff should be ordered to disclose her identity when she is accusing an individual civil defendant of sexual misconduct. As such, Plaintiff's opposition is reduced to a small number of cases, none of which are analogous to the issues presented in the instant case. Accordingly, JGAC Defendants' motion to compel Plaintiff to amend the Complaint to include her real name should be granted.

## ARGUMENT

Plaintiff's opposition fails to set forth any facts demonstrating the Sealed Defendant Factors weigh in favor of anonymity.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-90 (2d Cir. 2008).  Plaintiff glosses over the high burden she must establish to warrant pleading anonymously, and instead argues that the Court must exercise its discretion to permit her to do so simply because of the nature of her claims.  Allowing a party to plead anonymously violates longstanding and constitutional norms, and can be permitted only in unique circumstances described as "special," "extraordinary," "limited," or "exceptional."  Here, Plaintiff has not and cannot show use of a pseudonym is warranted. The Court should grant the Motion and order Plaintiff to file an amended complaint using her real name.

In her opposition, Plaintiff argues that the instant matter is analogous to the Doe v. Gooding and Lawson v. Rubin cases.  She is wrong.  At the outset, unlike the instant matter Doe v. Gooding involved a claim against a very public figure (actor Cuba Gooding, Jr.) triggering much publicity. No. 20-CV-06569, 2021 U.S. Dist. LEXIS 38267 (Mar. 1, 2021).  More significantly, the Court agreed to allow the plaintiff to proceed anonymously because the defendant never replied to the motion for a protective order, and in fact, defaulted in answering the complaint.  Indeed, the Court held that "Defendant's failure to appear precludes the Court from discerning whether he would suffer any prejudice from allowing Plaintiff to proceed as Jane Doe".  Moreover, its order granting a default judgment and motion to proceed anonymously was "without prejudice to a future challenge from Defendant if and when he responds to this order".  Here, the JGAC amply have established the prejudice they would suffer if Plaintiff were to allow to proceed anonymously.

As for Lawson, while the Court allowed the plaintiff to proceed anonymously during discovery, it vacated the order prior to trial and compelled the plaintiff to use their real names. See Lawson v. Rubin, No. 17-CV-6404, 2019 U.S. Dist. LEXIS 181192 (E.D.N.Y. Oct.

2

17, 2019). Significantly, in addition to finding that the factors considered favored the defendants, the Court found that "[t]he fundamental problem with plaintiffs' position is that they have not provided concrete justification for sealing here, besides the fact that they are the alleged victims of a sexual assault and that some of them have children. Plaintiffs primarily argue that they will become subject to future criticism, social stigma, and ridicule, along with their children. The Court finds that argument unpersuasive, especially because 'a plaintiff seeking anonymity must base their allegations [of harm] on more than just mere speculation.'" As for the underlying order, JGAC Defendants note that the facts are distinguishable from the instant matter: the allegations at hand concerned public figures (plaintiffs who are models with substantial social media followings and a high profile financier defendant), as well as physical conduct that was so severe ("brutal beatings") as to require medical attention. That simply is not the case in this matter.

### A.     Sealed Plaintiff Factor One

To satisfy the first factor, a party seeking to proceed anonymously must show that the litigation involves matters that are highly sensitive and of a personal nature. Sealed Defendant, supra. In its moving brief, JGAC Defendants cited to clear and controlling authority establishing that allegations of sexual assault or rape do not, by themselves, justify proceeding anonymously in a civil matter brought by the victim. See Defs. Br. at 5. In her opposition papers, Plaintiff makes no attempt to distinguish any of these cases.

Instead, Plaintiff relies on inapposite case law which she in no way can analogize to the facts in the instant matter. See Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting motion to proceed anonymously to plaintiff who alleged a rabbi sexually abused him as a child); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678 (11th Cir. 2001) (recognizing the right of a plaintiff in an abortion case to proceed anonymously, provided that her name be

disclosed to defendants for discovery purposes); Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068–69 (9th Cir.2000) (Claimants were mostly Chinese garment workers in Saipan, a commonwealth of the United States. Court allowed the workers to use pseudonyms in place of their actual names because they feared that, if their identities were disclosed to defendants and other nonparties to the action, they would be fired from their jobs, deported, and subsequently arrested and imprisoned by the People's Republic of China); James v. Jacobson, 6 F.3d 233, 238–39 (4th Cir.1993) (allowing anonymity in an action against a physician who artificially inseminated his patient with his own sperm, after representing to her that the semen was from her husband); EW v. New York Blood Ctr., 213 F.R.D. 108, 112-13 (E.D.N.Y. 2003) (allowing plaintiff to proceed anonymously in a suit against a blood center because publicity of plaintiff's Hepatitis B status could submit her to embarrassment and stigmatization); Javier v. Garcia–Botello, 211 F.R.D. 194, 196 (W.D.N.Y.2002) (court permitted migrant farm workers to sue their employer for violations of the FLSA, the Migrant and Seasonal Agriculture Worker Protection Act, RICO, and various New York state statutes. The plaintiffs in that case were afraid of threats of violence against them previously made by the defendants. Specifically, the plaintiffs noted that a grand jury had charged the defendants with serious crimes arising out of the same facts underlying the defendants' civil suit and argued that revealing their true identities would "adversely affect their ability to aid the Government" in its prosecution of the criminal charges.); Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988) (allowing plaintiff suing life insurance company to vindicate the rights of homosexuals to do so under a pseudonym, but rejecting plaintiff's argument that anonymity was necessary because of "the effect the case might have on his status as a law clerk to a federal judge").

Here, Plaintiff's allegations of sexual harassment and sexual assault are incomparable to the few, rare instances where courts have permitted anonymity. Regardless of the nature of her allegations, Plaintiff may not hide behind a pseudonym. She "has made serious charges and has put her credibility in issue. Fairness requires that she be prepared to stand behind [his] charges publicly." Doe v. Shakur, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

### B. Sealed Defendant Factors Two and Three

As an initial matter, Plaintiff does not assert there is a risk of physical harm or retaliation by Mr. Gonzales, the public, or anyone else. Instead, Plaintiff argues that revealing her identity would invade the privacy of her minor children. "That, however, is not the proper analysis which focuses on the age of the plaintiff, not associated third parties." Doe v. Townes, No. 19-CV-8034, 2020 U.S. Dist. LEXIS 83550, at *14 (S.D.N.Y. May 12, 2020). Plaintiff further alleges that she is fearful her colleagues and clients will gain knowledge about the nature of her claims. However, as Plaintiff acknowledges, this fear is merely speculative. Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001) (Kaplan, D.J.) (rejecting attorney's request to proceed anonymously in claim for false arrest; although claim of "reputational injury is not to be discounted entirely . . . claim of threatened harm is speculative and exaggerated").

Plaintiff further relies on the <u>unexecuted</u> and conclusory declaration of Sarah E. Andrew-Madison, LCSW to support her assertion that disclosure of her identity would cause psychological trauma to her.[1] Plaintiffs alleging mental harm in this type of situation must "base

---

[1] Ms. Andrew-Madison's declaration does not provide the type of "medical" corroboration claimed by Plaintiff. Plaintiff only sought treatment with Ms. Andrew-Madison on a total of three occasions. See Del Rio, 241 F.R.D. 154 at 162 ("The credibility of the therapist's opinion must also be discounted somewhat because of the circumstances under which it was formed. Her conclusion is based on a single meeting, of unspecified duration. . . more than a year after completion of the therapist's treatment of Jane Doe for depression and PTSD - which itself was hardly extensive. . . and about a week after defendants' motion was filed. Although the report thus comes from a therapist who was at one time engaged in treating the plaintiff, it is not based on ongoing familiarity with the plaintiff's situation, but rather appears to have been hastily prepared in contemplation of litigation.") Moreover, while Ms. Andrew-Madison may

5

their allegations . . . on more than just mere speculation." Rapp v. Fowler, No. 20-cv-9586, 2021 U.S. Dist. LEXIS 84214 (S.D.N.Y. May 3, 2021) ("declarations submitted by medical professionals in support of motion to proceed anonymously held insufficiently persuasive because they did not give any sense of the severity of any consequences of a "retriggering" of the alleged PTSD by future disclosure of plaintiff's identity beyond the conclusory statements that it would entail anxiety, nightmares, and depression.)  More particularly, when a plaintiff claims that disclosure of her identity in litigation will "retrigger" psychiatric trauma symptoms, she must provide some "link between public disclosure of plaintiff's name and the described psychological risk"; otherwise, "[t]here is simply no way to conclude that granting . . . permission to proceed under [a] pseudonym[] will prevent [plaintiff] from having to revisit the traumatic events." Id. (quoting Del Rio, 241 F.R.D. at 161).

In Del Rio, the court distinguished the facts before it from those in Doe v. Smith, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999), where the plaintiff was permitted to proceed under a pseudonym. Specifically, in Smith, plaintiff's supporting medical submission . . . based on a diagnosis of dissociative identity disorder, predicted a consequence that would specifically result from public disclosure of plaintiff's name: "[P]roceeding publicly would cause [plaintiff] to decompensate psychologically to a point at which she could not . . . pursue the current legal process and would suffer severe risk to her safety and to her survival." Del Rio, 241 F.R.D. at 161 (quoting Smith, 105 F. Supp. 2d at 43).  In contrast, in Del Rio, the plaintiff's therapist claimed only that

> "it appears very likely, given [plaintiff/s] high degree of fear and reactivity, that, should her case no longer remain anonymous, . . . she will suffer a recurrence of

---

provide occasional therapeutic services to Plaintiff, there is no evidence she is capable of opining on the possibility or likelihood of psychological harm to Plaintiff if her name were disclosed.

Plaintiff also submits an <u>unexecuted</u> affidavit from Gladys Frankel, PhD, from an interview with Plaintiff in connection with her EEOC Charge.  Nothing in this medical report suggests that she and Plaintiff even discussed this lawsuit, let alone the prospect of her name being disclosed in it.

6

> PTSD [post-traumatic stress disorder] along with depression" . . .***Yet nothing in the therapist's letter or plaintiffs' other papers establishes any link between public disclosure of plaintiff's name and the described psychological risk to Jane Doe. The therapist's opinion is explicitly based on the observation that "PTSD can be retriggered if the individual is re-exposed to the perceived threat." Being 're-exposed' to the perceived wrong, however, is an inevitable consequence of litigation itself***. If the case goes forward, Jane Doe will be deposed, no doubt in the presence of the accused defendant; in the less certain event of trial, she will presumably testify in a public courtroom and be subjected to cross-examination. These procedures would occur whether or not the pleadings disclosed Jane Doe's true name. There is simply no way to conclude that granting plaintiffs permission to proceed under pseudonyms will prevent Jane Doe from having to revisit the traumatic events—in other words, from being 're-exposed to the perceived threat.' Plaintiffs also claim that plaintiff Jane Doe will suffer from a reoccurrence of Post Traumatic Stress Syndrome ("PTSD") and depression if she is forced to reveal her identity publicly.  submit that the letter submitted by plaintiffs, written by social worker, Dorrine J. Veca, is not persuasive. Ms. Veca never explains how revealing plaintiff Jane Doe's identity will "re-expose" plaintiff to the perceived threat.

Del Rio, 241 F.R.D. at 161 (emphasis added).

Similar to the therapist in Del Rio, here, Sarah E. Andrew-Madison, LCSW, merely indicates that "[i]f Plaintiff Jane Doe is forced to proceed in this matter under her actual name, she will suffer severe, additional adverse mental health effects that will exacerbate her current symptoms making treatment more difficult and increasing the amount of time and therapy needed . . ." (See Decl. of Sarah E. Andrew-Madison, LCSW at ¶ 5).  As in Del Rio, it is clear that the type of harm the plaintiff alleges—the retriggering of her symptoms—is just as likely to be caused by the pursuit of litigation itself.

Nor does Ms. Andrew-Madison's declaration show psychological harm other than the very type found in other cases to be insufficient — i.e., the "shame" of allegedly "having been [a] victim[] of sexual harassment and assault." Doe v. Townes, No. 19-CV-8034, 2020 U.S. Dist. LEXIS 83550, at *4 (S.D.N.Y. May 12, 2020).  The type of medical corroboration that weighs these factors toward anonymity must be "specific evidence from medical professionals" showing that disclosing the plaintiff's identity "would likely cause psychological and emotional pain so

7

intense that it would threaten her stability, her safety, and even her life." Doe v. Solera Capital LLC, No. 18-CV-1769, 2019 U.S. Dist. LEXIS 55860, at *4 (S.D.N.Y. Mar. 3, 2019). Plaintiff presents no such evidence here.

### C. Sealed Plaintiff Factor Four

The fourth Sealed Plaintiff factor required courts to determine "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . *particularly in light of [her] age*." Sealed Plaintiff, 537 F.3d at 190 (emphasis added). Plaintiff provides no evidence that her age makes her particularly vulnerable to the possible harms of disclosure. Notably, Plaintiff does not point to any case law to support her position that she is vulnerable due to her alleged status as a victim of sexual harassment. That is not surprising, as the multitude of decisions in this jurisdiction do not support such an assertion. See Doe v. Gong Xi Fa Cai, 2019 U.S. Dist. LEXIS 114919, at *3 (S.D.N.Y. July 10, 2019) (finding that the fourth factor did not weigh in plaintiff's favor because she "provide[d] no evidence that her age makes her particularly vulnerable to the potential harms from the disclosure of her identity"); Doe v. Skyline Autos Inc., 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (finding that the fourth factor did not support plaintiff's request for anonymity because plaintiff "provided[d] no evidence that her age makes her particularly vulnerable to the possible harms of disclosure"); Doe v. Syracuse Univ., 2018 U.S. Dist. LEXIS 154899, at *18 (N.D.N.Y. Sept. 10, 2018) (finding fourth factor weighed against anonymity because plaintiffs were "not minors who have had no say in deciding whether or not to proceed with this litigation" but were "adult college students who availed themselves to the courts by filing this suit."); Doe v. Smith, 2019 U.S. Dist. LEXIS 205707, at *4 (N.D.N.Y. Nov. 27, 2019) (accord). Hence, the fourth factor weighs in favor of JGAC Defendants' motion to compel.

**D.     Sealed Plaintiff Factor Five**

Here, Plaintiff attempts to divert the Court's attention from this factor to the alleged public policy implications of not allowing Plaintiff to proceed anonymously. However, she admits – as she must – that it weighs against anonymity. See Pl. Opp. at 13-14.

**E.     Sealed Plaintiff Factor Six[2]**

Courts have repeatedly recognized the inherent prejudice to a defendant when a plaintiff proceeds anonymously and "will examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously." Townes, 2020 U.S. Dist. LEXIS 83550, at *14. In opposition, Plaintiff alleges that JGAC Defendants failed to provide any factual basis for how JGAC Defendants will be prejudiced if Plaintiff were allowed to proceed anonymously. However, as clearly stated in JGAC Defendants moving papers, Defendant Gonzales, and non-party Massiel Mora are prejudiced by Plaintiff pursuing this lawsuit anonymously. They have been publicly accused and vehemently deny the allegations. Indeed, "[b]y filing [her] complaint, the plaintiff[s] [have] leveled serious charges against the defendants, and [have] specifically identified them in the complaint." Shakur, 164 F.R.D. 359, 361. Because "the mere filing of a civil action against... private parties may cause damage to their good names and reputation basic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits must [sue] under their real names." Id. (internal citations omitted).

Furthermore, JGAC Defendants set forth in detail that they would be disadvantaged at all stages of the litigation: from exchanging discovery, subpoenaing third-parties, obtaining witnesses and witnesses statements, taking depositions and at trial. Plaintiff incorrectly states that

---

[2] Plaintiff's offer to stipulate to address the concern at trial does nothing to alleviate JGAC Defendants' concerns regarding prejudice for the remainder of the litigation. Moreover, if Plaintiff would not be opposed to revealing her name at trial – the most public portion of the litigation – then Plaintiff should not be opposed to revealing her name throughout the litigation.

Defendants cited no authority to support that JGAC Defendants would be prejudiced at trial by Plaintiff's anonymity, blatantly ignoring JGAC Defendants' citation to Doe v. Delta Airlines, Inc., in support of its argument that the cross-examination of an anonymous plaintiff could be compromised and the risk that a jury would not be able to properly assess the credibility of a plaintiff proceeding under a pseudonym. 310 F.R.D. 222, 225 (S.D.N.Y. 2015).

F. **Sealed Plaintiff Factors Eight and Nine**

Factors eight and nine require that the Court consider the public's interest in knowing the identities of the parties. Sealed Defendant, supra. In addressing the eighth factor, Plaintiff states, without any citation to authority, that "requiring Plaintiff to disclose her identity does not further the public interest in litigation, but will obstruct the public's interest in facilitating an atmosphere where rape victims are not too afraid or intimidated to see that their victimizers are held to account for their intolerable actions." (Pl. Opp. at 16). On the contrary, courts have held that the public's interest in the factual claims of sexual assault cases "is very high." Skyline Auto., Inc., 375 F.Supp.3d at 408.

Furthermore, under the ninth factor, the public interest in the disclosure of the litigants' names may be diminished if the issues are atypical or purely legal in nature. Townes, 2020 U.S. Dist. LEXIS 83550, at *6. Because the allegations here are not abstract legal questions but specific factual allegations about a certain alleged incidents, this factor weighs strongly against anonymity.

G. **Sealed Plaintiff Factor Ten**

The tenth and final factor of Sealed Plaintiff is whether any alternative mechanisms could protect the plaintiff's interests in confidentiality. 537 F.3d at 190. If a viable alternative to complete anonymity exists, this factor weighs against a finding for anonymity. See United States,

10

2017 U.S. Dist. LEXIS 83745, at *5 (determining that it would be inappropriate for the plaintiff to proceed under a pseudonym where alternative measures could be taken to protect his privacy interest). Sealing and redacting certain documents containing sensitive information are sufficient alternatives to anonymity and, in fact, routinely done in cases involving sensitive matters. Anonymous v. Medco Health Sols., Inc., 588 F. App'x 34, 35 (2d Cir. 2014) (rejecting the assertion that a plaintiff's medical condition and its economic effect on career prospects justified the plaintiff's request to proceed under a pseudonym). Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order. Thus, factor ten weighs against Plaintiff's motion.

## CONCLUSION

For all the foregoing reasons, the JGAC Defendants respectfully submit request that this Court grant their motion to compel Plaintiff to amend the Complaint to include her real name.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Wendy J. Mellk
Wendy J. Mellk
Catherine R. Tucciarello

4835-9487-9226, v. 2