UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JANE DOE,

                         Plaintiff,

v.

JUAN GONZALES AGENCY CORP., et al.,

                         Defendants.
--------------------------------------------------------X

**MEMORANDUM OPINION
AND ORDER**

21-CV-00610 (PMH)

PHILIP M. HALPERN, United States District Judge:

Jane Doe ("Plaintiff") brings this action against Juan Gonzales Agency Corporation ("JGAC"), Juan Gonzales ("Gonzales," and with JGAC, the "JGAC Defendants"), Allstate Financial Services, LLC ("Allstate Financial"), Allstate Insurance Company ("Allstate"), and Allstate Life Insurance Company of New York ("Allstate NY," with Allstate Financial and Allstate, the "Allstate Defendants," and collectively, "Defendants"). Plaintiff presses eight claims for relief against one or more Defendants: (1) discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq*.; (2) Title VII and NYSHRL retaliation; (3) NYSHRL aiding and abetting; (4) assault and battery; (5) intentional infliction of emotional distress; and (6) violation of the New York City Gender Motivated Violence Protection Act, N.Y.C. Admin. Code § 8-903 *et seq*. (*See* Doc. 1, "Compl.").

Presently before the Court is the JGAC Defendants' motion—in which the Allstate Defendants join—to compel Plaintiff to amend the caption and use her real name under Federal

Rule of Civil Procedure 10(a).[1] (Doc. 36; Doc. 37, "Def. Br."; Doc. 38; Doc. 39, "Opp. Br."; Doc. 40; Doc. 41; Doc. 42, "Reply"; Doc. 43).

For the reasons set forth below, Defendants' motion is GRANTED.

**BACKGROUND**

Plaintiff, a former employee of JGAC and the Allstate Defendants, worked at the New Rochelle Allstate insurance sales office in various positions from September 2015 until she was "constructively discharged" in September 2018. (Compl. ¶¶ 20, 24-25, 188). Gonzales was, at all times, the direct supervisor of Plaintiff and non-party Massiel Mora ("Mora"). (*Id.* ¶¶ 22-23). Plaintiff alleges that Gonzales and Mora made numerous sexual advances toward her in the workplace, that Gonzales raped her, that she was intimidated into silence, retaliated against, and discriminated against on the basis of her sex and for refusing sexual advances. (*Id.* ¶¶ 164, 176, 180, 187). Plaintiff also alleges that, as a result of the conduct identified, she "has suffered and continues to suffer numerous physical and mental ailments including, but not limited to Post-Traumatic Stress Disorder, Major Depressive Disorder, Acute Anxiety Disorder and panic attacks." (*Id.* ¶ 192).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all the parties . . . .*" (emphasis added). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). "Federal court proceedings

---

[1] Although the notice of motion does not invoke a specific rule and Federal Rule of Civil Procedure 10(a) does not provide explicitly for motion practice, courts have entertained motions to amend complaint captions to state real names pursuant to instruction that "[t]he title of the complaint must name all parties." *See, e.g. Doe v. Gooding*, No. 20-CV-06569, 2022 WL 1104750 (S.D.N.Y. Apr. 2022).

and records presumptively are public absent a showing of exceptional circumstances." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2021). Moreover, "[d]istrict courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Sealed Plaintiff*, 537 F.3d at 189). The Second Circuit has set forth a list of ten factors to consider in weighing these interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party seeking to proceed anonymously ...; (3) whether identification presents other harms and the likely severity of those harms ...; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure ... particularly in light of their age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press their claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identify has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose their identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identifies; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Doe 1 v. Branca USA, Inc.*, No. 22-CV-03806, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (citing *Sealed Plaintiff*, 537 F.3d at 190). This inquiry "does not require a district court 'to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Rapp*, 537 F. Supp. 3d at 527 (quoting *Sealed Plaintiff*, 537 F.3d at 189). There is a "presumption that parties . . . proceed under their respective names." *Doe v. Skyline Auto., Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019). Because "[c]ourts

have put weight on the right of the public to know the identity of the litigants," the burden is on the party seeking to proceed pseudonymously to "rebut the presumption of public access." *Branca* 2022 WL 2713543, at *2.

## ANALYSIS

Defendants argue that all but one of the ten *Sealed Plaintiff* factors weigh in favor of compelling Plaintiff to disclose her real name. (*See generally*, Def. Br.). Although not required to list all ten factors, the Court finds each relevant here and considers them *seriatim*.

I.     Factor One: Sensitivity and Nature of the Litigation

The first *Sealed Plaintiff* factor asks "whether the litigation involves matters that are highly sensitive and of a personal nature." 537 F.3d at 190. Plaintiff argues that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." (Opp. Br. at 7 (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006))). That this case involves allegations of rape and sexual assault, in the absence of additional circumstances of sensitivity, does not warrant a finding in Plaintiff's favor on the first *Sealed Plaintiff* factor. *Branca*, 2022 WL 2713543, at *2 (collecting cases "consider[ing] whether to permit a plaintiff [to proceed pseudonymously] who alleges that he or she has been raped" and finding that "[a] claim by an adult plaintiff to have been the victim of sexual abuse . . . is not enough to entitle a plaintiff to proceed anonymously. Were it otherwise, virtually all claims of adult sexual assaults would *ipso facto* proceed anonymously."). Although the Court is sympathetic to the nature of Plaintiff's claims, she has not identified circumstances beyond allegations of rape and sexual assault that entitle her to proceed pseudonymously. The policy statement referenced by Plaintiff as cited in *Doe No. 2* is distinguishable because there, the pseudonymous plaintiff was a child at the time he was allegedly sexual abused by his rabbi and

prior "attempt[s] to conceal such abuse raise[d] concerns affecting a larger association." *Doe No. 2*, 242 F.R.D. at 195; *cf. Doe v. Gong Xi Fa Cai, Inc.,* No. 19-CV-02678, 2019 WL 3034793, at *1 (S.D.N.Y. July 10, 2019) ("[C]ourts have been reluctant to permit anonymous pleading even where a plaintiff alleges a more violent form of sexual assault."). Plaintiff has not shown circumstances differentiating her case from numerous others in this Circuit where courts have required plaintiffs in sexual assault cases to reveal their real names. *See, e.g., Branca*, 2022 WL 2713543; *Doe v. Leonelli*, No. 22-CV-03732, 2022 WL 2003635 (S.D.N.Y. June 6, 2022); *Doe v. Freydin*, No. 21-CV-08371, 2021 WL 4991731 (S.D.N.Y. Oct. 27, 2021); *Rapp*, 537 F. Supp. 3d at 528; *Skyline Auto.*, 375 F. Supp. 3d. at 405.

Thus, the first *Sealed Plaintiff* factor weighs against pseudonymity.

II.     Factor Two: The Risk of Retaliation or Mental Harm

The second *Sealed Plaintiff* factor considers "whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously." 537 F.3d at 190. Both parts of the second *Sealed Plaintiff* factor are implicated here, but neither supports a finding in favor of pseudonymity.

Plaintiff is no longer employed by Defendants and admits that Defendants are aware of her real name, which was revealed to them in: (1) an Equal Employment Opportunity Commission ("EEOC") investigation; and (2) mediation. (*See* Compl. ¶ 188; Opp. Br. at 12-13). The risk of retaliation against her if her name is revealed, therefore, is at best "speculative and exaggerated." *Doe v. City of New York*, 201 F.R.D. 100, 102 (S.D.N.Y. 2001).

Plaintiff does not contest the lack of a risk of retaliation in her opposition. Instead, Plaintiff argues that the second *Sealed Plaintiff* factor weighs in her favor based on medical documentation submitted under seal with her opposition. (Doc. 41-1, 41-2). In order to support a finding in favor

of pseudonymity on the second *Sealed Plaintiff* factor, declarations by medical professionals must provide a "sense of the severity of any consequences of a retriggering" of psychological symptoms that would result from the revelation of a party's identity. *Rapp*, 537 F. Supp. 3d at 530. Proper medical documentation must also "establish[] [a] link between *public disclosure of plaintiff's name* and the described psychological risk." *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) (emphasis in original). Thus, the risk must arise *from the revelation of identity*, not simply the litigation itself and the inevitable re-living of events in depositions, trial testimony, and cross-examination. *Id.* Finally, medical documentation must show a severity of emotional harm from disclosure "beyond . . . conclusory statements that it would entail anxiety, nightmares, and depression." *Rapp*, 537 F. Supp. 3d at 530.

The medical documentation submitted for the Court's consideration in this case, which the Court does not take lightly, falls short of the heavy burden described for this factor. Plaintiff's medical documentation consists of: (i) an affidavit from Plaintiff's treating psychotherapist; (ii) notes from three psychotherapy sessions; (iii) the treating psychotherapist's diagnosis of Plaintiff; and (iv) an affidavit submitted by another psychotherapist who interviewed Plaintiff in connection with her EEOC charges.

Two items in this set of documents are potentially relevant to the Court's analysis on the second *Sealed Plaintiff* factor: (i) a statement in the psychotherapist's declaration that "[i]f Plaintiff Jane Doe is forced to proceed in this matter under her actual name, she will likely suffer severe, additional adverse mental health effects"; and (ii) notes from the psychotherapist's July 29, 2020 appointment with Plaintiff which indicate that Plaintiff experienced a severe panic attack after counsel informed her over the phone that this case could be publicized. (Doc. 41-1 at 2; Doc 41-2 at 3). The notes indicate also that Plaintiff experienced symptoms of anxiety from this litigation as

a general matter. (Doc. 41-2 at 4). It is thus unclear whether the risk of publicity is the cause of Plaintiff's anxiety or if it is the inherent machinery of litigation, which will require her to re-live the events at issue in the case. (Doc. 41-2 at 4). The retriggering of Plaintiff's symptoms appears likely to occur whether this litigation proceeds pseudonymously or not. In the absence of a non-speculative link to the specific cause of her symptoms, the Court cannot credit Plaintiff with having met her high burden on this factor. In *Del Rio*, the plaintiff submitted a medical declaration in support of the second *Sealed Plaintiff* factor stating that "it appears very likely . . . that, should [plaintiff's] case no longer remain anonymous . . . [plaintiff] will suffer a recurrence of PTSD along with depression." 241 F.R.D. at 161. The court in that case, however, found that "nothing in the therapist's letter or plaintiffs' other papers establishes any link between public disclosure of plaintiff's name and the described psychological risk." *Id.* The declaration as to the risk of harm to Plaintiff in this case is, in all material respects, indistinguishable from the one discounted in *Del Rio*.

Thus, the second *Sealed Plaintiff* factor weighs against pseudonymity.

III.     Factor Three: Severity of Other Harms

The third *Sealed Plaintiff* factor assesses "whether identification presents other harms and the likely severity of those harms." 537 F.3d at 190. Plaintiff argues as to this factor that harm would result to her two children, aged fourteen and eighteen, if her identity were revealed. (Opp. Br. at 9). Although concerning, Plaintiff does not meet her burden on this argument. Plaintiff cites no case law to support her position. *(See id.)*. While Plaintiff's age is relevant, as discussed *infra* in connection with the fourth factor, the age of third parties is not. *See, e.g. Doe v. Townes*, No. 19-CV-08034, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020) ("[p]laintiff argues that revealing her identity would risk revealing the identity of her minor child (citing no case law for

that proposition) . . . [t]hat . . . is not the proper analysis which focuses on the age of the *plaintiff,* not associated third parties."). Finally, as in *Townes*, "[t]here exists alternate measures to protect [plaintiff's] child's privacy. For instance, [p]laintiff could request a protective order or agree to redactions." *Id.* at *5 n.4. Indeed, the parties in this case have already entered into a Protective Order. (Doc. 48).

Thus, the third *Sealed Plaintiff* factor weighs against pseudonymity.

IV.     Factor Four: Particular Vulnerability

The fourth *Sealed Plaintiff* factor tests "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of their age." 537 F.3d at 190. Plaintiff argues here that she is particularly vulnerable because she is a victim of sexual assault. (Opp. Br. at 10-11). Plaintiff cites no case law for the proposition that this fact would support resolving the fourth factor in her favor and merely re-hashes the arguments advanced with respect to the first factor. (*Id.*). The fourth *Sealed Plaintiff* factor is intended to assess whether a party seeking to proceed pseudonymously is vulnerable "*particularly in light of their age.*" 537 F.3d at 190 (emphasis added). Plaintiff has not, and cannot, make such a showing as to her age.

Thus, the fourth *Sealed Plaintiff* factor weighs against pseudonymity.

V.     Factor Five: Whether the Suit Challenges Public or Private Actors

The fifth *Sealed Plaintiff* factor evaluates "whether the suit is challenging the actions of the government or that of private parties." *Id.* at 190. No showing has or can be made as to this factor, *Branca*, 2022 WL 2713543, at *4; and Plaintiff concedes that this factor weighs against her position, as she admits that "Defendants are clearly not government entities . . . ." (Opp. Br. at 11).

Thus, the fifth *Sealed Plaintiff* factor weighs against pseudonymity.

8

VI.    Factor Six: Prejudice to Defendants

The sixth *Sealed Plaintiff* factor analyzes "whether the defendant is prejudiced by allowing the plaintiff to press . . . claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." 537 F.3d at 189. Plaintiff's sole argument as to this factor is that Defendants will not be prejudiced because they already know her identity and are thus able to defend themselves adequately. However, as Defendants respond, they will be prejudiced in their ability to call third-party witnesses and to take this case through to trial. *See, e.g., Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) ("If plaintiff were permitted to prosecute this case anonymously at trial, [defendant] would be placed at a serious disadvantage, for it would be required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (alterations removed)), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). Moreover, "case law recognizes a defendant's interest in confronting an identified accuser." *Id.* Under these circumstances, that Defendants are aware of Plaintiff's identity is not enough to negate prejudice in this litigation from Plaintiff's continued pseudonymity.

Thus, the sixth *Sealed Plaintiff* factor weighs against pseudonymity.

VII.    Factor Seven: Confidentiality of Identity to Date

The seventh *Sealed Plaintiff* factor assesses "whether the plaintiff's identity has thus far been kept confidential."  537 F.3d at 190. Defendants concede that Plaintiff has kept her identity confidential to date and the Court agrees. This factor weighs in Plaintiff's favor.

VIII.   Factor Eight: The Public's Interest

The eighth *Sealed Plaintiff* factor gauges "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Id.* Plaintiff does not address this factor beyond rehashing argument raised under the first factor (i.e., that disclosure of her identity will chill similar victims from coming forward in the future). (Opp. Br. at 14). Accepting this rationale would mean that this factor weighs in favor of pseudonymity in every case involving sexual assault. Plaintiff cites to no case law for this proposition, which is contrary to the holdings of numerous courts in this District. *See* discussion *supra*; *see e.g., Skyline Auto.*, 375 F. Supp. 3d. at 408 ("[T]he public interest in sexual assault and discrimination is very high.").

Thus, the eighth *Sealed Plaintiff* factor weighs against pseudonymity.

IX.   Factor Nine: Nature of the Claims Presented

The ninth *Sealed Plaintiff* factor considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." 537 F.3d at 190. The issues in this case are not legally abstract and are almost entirely factual. *See Townes*, 2020 WL 2395159, at *6 ("Here, the allegations do not involve abstract questions of law, but specific factual allegations of harassment and assault, of both a non-sexual and sexual nature, and other mistreatment and abuse by Defendant. These issues further the public's interest in enforcing legal and social norms." (internal quotation removed)).

Thus, the ninth *Sealed Plaintiff* factor weighs against pseudonymity.

X.   Factor Ten: Alternative Mechanisms

The tenth *Sealed Plaintiff* factor contemplates "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." 537 F.3d at 190. Plaintiff argues as

to this factor that no method of protecting confidentiality will protect her "in the way that proceeding anonymously will." (Opp. Br. at 14). That may be, but the standard is not whether an alternative mechanism will protect a party in the same way as pseudonymity; the question is whether mechanisms exist to protect Plaintiff in the alternative. This factor would always weigh in favor of pseudonymity if the alternative mechanisms had to be as effective as the path Plaintiff favors. Defendants note that redaction and the entry of a protective order could serve as alternatives to protecting Plaintiff's privacy. The Court agrees. As in *Townes*, such measures could prevent, for example, disclosure of the identities of Plaintiff's children. 2020 WL 2395159, at *5 n.4.

Thus, the tenth *Sealed Plaintiff* factor weighs against pseudonymity.

XI.    Balancing of the Factors

The only factor of the ten *Sealed Plaintiff* factors weighing in favor of allowing Plaintiff to continue to proceed pseudonymously is the seventh factor. That she has kept her identity confidential to date is not enough to counterbalance the nine other factors here weighing against pseudonymity. Indeed, Plaintiff has not provided citation to, and the Court is unaware of, any cases allowing a party to continue to proceed pseudonymously where a single *Sealed Plaintiff* factor weighs in their favor. Despite the serious nature of her claims, Plaintiff has "not met her burden of demonstrating that her 'interest in anonymity' outweighs the prejudice to defendants and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Freydin*, 2021 WL 4991731, at *4 (quoting *Sealed Plaintiff*, 537 F.3d at 189).

## CONCLUSION

Defendants' motion to compel Plaintiff to amend the caption of the Complaint to include her real name is GRANTED. However, given the sensitivity of the allegations in the case, the effect of this Order is stayed for seven days for Plaintiff and her counsel to consider this ruling.

*Branca*, 2022 WL 2713542, at *5. Plaintiff is directed to amend the caption of the Complaint in accordance with this Memorandum Opinion and Order by August 11, 2022.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 36.

Dated: White Plains, New York
      August 4, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge